IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal No.:4:15-CR-95-BHH-3 |
| | ) |
| vs. | ) |
| | ) |
| | ) **O R D E R** |
| Sherwin Antwain Carter | ) |

A criminal defendant has the right to be represented by counsel, *see Gideon v. Wainwright*, 372 U.S. 335, 344 (1963), or to represent himself, *see Faretta v. California*, 422 U.S. 806, 807 (1975). However, a criminal defendant does not have a constitutional right to hybrid representation, i.e. both through counsel and self-representation or *pro se.* See *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); see *also United States v. Vampire Nation*, 451 F.3d 189, 206 n.17 (3rd Cir. 2006) (holding a district court has the authority to issue limitations on *pro se* filings submitted while the party is represented by counsel). Therefore, as a general rule, a defendant represented by counsel is not entitled to have his *pro se* motions considered by the court.

Here, Defendant Sherwin Antwain Carter ("Defendant") has filed two *pro se* motions (ECF Nos. 391; 400). Defendant, however, is currently represented by a court-appointed attorney. Therefore, the Court finds that he is attempting to proceed in a hybrid fashion. As the right of self-representation does not include the right to hybrid representation, the court DENIES Defendant's *pro se* motions (ECF Nos. 391; 400). Defendant should seek relief from this Court through his court-appointed attorney.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 30, 2016
Florence, South Carolina